**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**MARTHINUS LOURENS,**

       **Plaintiff,**

    **-against-**

    **Civil Action No. 1:25-cv-00905-TRJ**

    **FIRST AMENDED COMPLAINT**

    **&**

**DELTA AIR LINES, INC.,**
**and ENDEAVOR AIR, INC.**    **JURY TRIAL DEMAND**

       **Defendants.**

---

## FIRST AMENDED COMPLAINT

Comes now Plaintiff MARTHINUS LOURENS, by and through his undersigned attorneys, complaining against Defendants DELTA AIR LINES, INC., and ENDEAVOR AIR, INC. and alleges the following:

## PARTIES, JURISDICTION, AND VENUE

1.    The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (hereinafter known as "the Montreal Convention").

2.    The Court has In Personam Jurisdiction over the defendants as they are both registered to do business in Georgia and thereby consented to the jurisdiction of this Court.  The Court also has personal jurisdiction over defendants as they are both "at home" in the Northern District of Georgia.

3.    Venue is appropriate in this Court pursuant to the Montreal Convention and because both Defendants' registered agents are in the Northern District of Georgia.

4.    Defendant DELTA AIR LINES, INC., ("DELTA") is a foreign for-profit corporation incorporated under the laws of the State of Delaware with its principal place of business located at 1030 Delta Boulevard, Atlanta, Georgia 30354. Defendant DELTA can be served by way of its Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

5.    Defendant ENDEAVOR AIR, INC., ("ENDEAVOR") is a regional airline incorporated under the laws of Georgia with its principal place of business located at the Minneapolis–Saint Paul International Airport in Minneapolis, Minnesota. It is a wholly owned subsidiary of Delta Air Lines, and staffs, operates, and maintains aircraft used on Delta Connection flights that are scheduled, marketed, and sold by Delta Air Lines.  Defendant ENDEAVOR can be served by way of its Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092

6.     Plaintiff MARTHINUS LOURENS is a United States citizen and a resident of the State of Texas.

## FACTUAL ALLEGATIONS

7.     This action arises out of a February 17, 2025, flight on ENDEAVOR's aircraft between Minneapolis-St. Paul International Airport, airport ICAO identifier KMSP, and Toronto Pearson International Airport, Ontario, Cananda, airport ICAO identifier CYYZ.

8.     A DELTA Connection Bombardier CL-600-2D24 Regional Jet CRJ-900LR, flight EDV4819 operated by DELTA's wholly owned subsidiary, ENDEAVOR, was destroyed following a landing accident on runway 23 at Toronto Pearson International Airport (YYZ/CYYZ), Toronto, Ontario.

9.     Plaintiff, Mr. Lourens, was a properly ticketed, fare-paying passenger, and properly documented international travel.

10.    Mr. Lourens was injured during the crash landing and the emergency evacuation of the aircraft.

11.    Several videos captured the accident sequence. On touchdown, the right-hand main gear appears to have collapsed, causing a fire and the right wing to contact the ground. The wing dragged along the runway surface for about 3 seconds before the aircraft flipped to an inverted position. Post-crash, the fire continued until it was (mostly) contained by airport emergency services.

12.     Photos from the scene show that the right wing separated from the aircraft which then came to rest inverted. The main gear and tail control surfaces were damaged and separated as well. The left wing and nose gear remained attached to the airframe.

13.     Mr. Lourens suffered significant injuries to his head, neck, back, knees and face as a result of the plane crash.  During the crash sequence, Mr. Lourens was belted in his seat, which prevented him from sustaining life-threatening injuries.  As the plane rolled upside down, Mr. Lourens was drenched with jet fuel.

14.     Experiencing the crash and being suspended upside down by his seatbelt while drenched with jet fuel, in a burning plane, caused Mr. Lourens to suffer severe emotional distress and mental anguish.

15.     Mr. Lourens suffered additional physical injuries when he released his seatbelt and fell to the ceiling of the upside-down aircraft.

## FIRST CAUSE OF ACTION
## MONTREAL CONVENTION
## NEGLIGENCE

16.     Defendants DELTA and ENDEAVOR are both commercial airlines, and thus common carriers engaged in the business of transporting passengers for hire by air.

17.     On February 17, 2025, Defendant DELTA operated and controlled a certain jet aircraft designated as Delta flight 4819 from Minneapolis-St. Paul

(KMSP) to Toronto Pearson International Airport, Ontario, Cananda CYYZ, which Mr. Lourens was ticketed to travel. DELTA issued the ticket for travel to Mr. Lourens on Flight 4819.

18.    Mr. Lourens was a revenue paying passenger lawfully aboard as Delta flight 4819 from Minneapolis-St. Paul (KMSP) to Toronto Pearson International Airport, Ontario, Cananda CYYZ

19.    On February 17, 2025, on the subject flight, Defendants employed a flight crew responsible for the safe and secure operation of the flight as well as the safety of passengers, and efficient boarding and disembarking of the aircraft.

20.    On February 17, 2025, said flight 4819 was conducted on an aircraft owned, leased, operated or otherwise controlled by Defendants DELTA and ENDEAVOR and staffed by their agents, servants, employees and/or contractors.

21.    Defendants DELTA and ENDEAVOR, their agents, servants, employees and/or  contractors were responsible for the training, management, supervision, maintenance, and/or control of its flight crew aboard DELTA Flight 4819, including, but not limited to, the crew's adherence to standard safety policies and protocol while boarding, flying and disembarking the aircraft under both normal and emergency conditions.

22.    As a common carrier of passengers for hire, the defendants DELTA and ENDEAVOR have a duty to provide a safe flight and means of ingress and egress for

their passengers to and from their aircraft.

23.    On February 17, 2025, after landing, DELTA Flight 4819 crashed and inverted 180 degrees with a fire and skidded down the runway after a wing broke off.

24.    Mr. Lourens was violently tossed about and ended up upside down hanging from his seatbelt inside a burning plane with aviation fuel leaking onto him.

25.    At the aforementioned time and place, defendants' crew directed all passengers, and Mr. Lourens in particular, out of the aircraft via emergency exits.

26.    During the aforesaid crash and emergency evacuation, Plaintiff Mr. Lourens was seriously and permanently injured.

27.    Upon information and belief, Defendants, their employees, agents, servants and/or contractors were aware that said passengers were injured, had fuel leaking on them and were evacuating the passenger cabin under emergency conditions and offered inadequate assistance and instructions or directions.

28.    As alleged above, DELTA and ENDEAVOR breached their duty of care to Mr. Lourens as a passenger onboard Flight 4819 by their failure to reasonably operate, maintain, manage, control, equip, handle, and/or pilot the aircraft and/or adequately and appropriately train the pilots and crew to operate a passenger aircraft, to industry standards. Defendants' breaches of duty were the direct and proximate cause of Mr. Lourens' physical and mental injuries.

29.    The crash, emergency evacuation, and Mr. Lourens' resulting injuries

were caused by Defendants and pursuant to Article 17 of the Montreal Convention, in that the Mr. Lourens' injuries were caused by an unexpected or unusual event or occurrence external to Mr. Lourens, and not by the Mr. Lourens' internal reaction to the normal operation of the aircraft.

30.    As a result of said accident, Mr. Lourens suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

31.    As a result of said accident, Mr. Lourens was forced to incur medical expenses and he shall continue to incur medical expenses in the future.

32.    As a result of said accident, Mr. Lourens was deprived of his enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

33.    As a result of the foregoing, Defendants are liable to pay full, fair and reasonable damages to Mr. Lourens pursuant to the Montreal Convention and applicable law.

34.    Defendant DELTA cannot meet its burden of proving that its negligence did not cause or contribute to the accident and the resulting injuries to Mr. Lourens.

35.    Defendant DELTA cannot meet its burden of proving that the injuries suffered by Mr. Lourens were caused solely by the acts of third parties.

36.    Pursuant to the Montreal Convention governing international air travel and pleaded in the alternative and without prejudice to anything set forth herein to the contrary, DELTA is responsible for the actions of its agents, ground handlers and

other contractors, and thus the actions of said third parties are not a defense to the liability of DELTA.

37.    Defendant ENDEAVOR cannot meet its burden of proving that its negligence did not cause or contribute to the accident and the resulting injuries to Mr. Lourens.

38.    Defendant ENDEAVOR cannot meet its burden of proving that the injuries suffered by Mr. Lourens were caused solely by the acts of third parties.

39.    Pursuant to the Montreal Convention governing international air travel and pleaded in the alternative and without prejudice to anything set forth herein to the contrary, ENDEAVOR is responsible for the actions of its agents, ground handlers and other contractors, and thus the actions of said third parties are not a defense to the liability of ENDEAVOR.

## SECOND CAUSE OF ACTION
## MONTREAL CONVENTION
## STRICT LIABILITY

40.    Mr. Lourens incorporates and re-alleges each of the paragraphs set forth above as though fully set forth herein.

41.    At all relevant times, Defendants were common carriers engaged in the business of providing air transporting fare-paying passengers on international flights.

42.    Under Articles 17 and 21(a) of the Montreal Convention, Defendants are strictly liable to Mr. Lourens for provable damages of up to 151,880 SDRs (which

equates to approximately U.S. Dollar $201,896).

43.    In addition, under Article 21(2) of the Montreal Convention, due to the negligence, carelessness, gross negligence, and/or recklessness hereinabove set forth and the injuries and damages attendant thereto Mr. Lourens seeks damages in excess of 151,880 SDRs, according to proof at the time of trial, as hereinabove alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Lourens respectfully prays that the Court award damages on all counts against Defendant as set forth above, interest as allowed by law, fees and expenses as allowed by law, and any other relief to do justice.

## JURY DEMAND

Mr. Lourens demands a jury for all claims stated.

Dated: February 21, 2025.

/s/
Russell T. Abney (Ga. Bar No. 000875)
Mikal Watts (*pro hac vice pending)*
Watts Law Firm LLP
811 Barton Springs Road, 725
Austin, TX 78704
(512)479-0500
russ@wattsllp.com
mikal@wattsllp.com

Andres C. Pereira
(*pro hac vice pending)*
Mark Pierce

*(pro hac vice pending)*
David Bizar
*(pro hac vice pending)*
DJC LAW, PLLC
1012 West Anderson Lane
Austin, Texas 78757
(512) 220-1800
apereira@teamjustice.com

James Michael Shaw
*(pro hac vice pending)*
Carabin Shaw
875 E Ashby Pl #110
San Antonio, Texas 78212
512-832-1101
jshaw@carabinshaw.com